UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA D. CALDWELL, o/b/o J.W.,

                Plaintiff,        **1:15-cv-00613-MAT**

                                   **DECISION AND ORDER**

       -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                Defendant.

---

**I.   Introduction**

Represented by counsel, Linda D. Caldwell ("Plaintiff") has brought this action on behalf of her minor son, J.W. ("Claimant"), pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that this matter is

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

remanded for further administrative proceedings and Defendant's motion is denied.

## II. Eligibility for Childhood SSI

For the purpose of evaluating eligibility for childhood SSI benefits, an individual under the age of 18 is considered disabled if he has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and that can be expected to result in death, or that has lasted, or can be expected to last, for a continuous period of not less than 12 months. *See* 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations establish a sequential evaluation for determining whether a child claimant meets this definition of disabled, and require the claimant to show: (1) that he is not working; (2) that he has a severe impairment or combination of impairments; and (3) that his impairment or combination of impairments meets or medically equals the listings in Part A or B of Appendix 1 to Subpart P of Part 404 of the Social Security Administration's regulations. *See* 20 C.F.R. § 416.924. A child's functional limitations are evaluated in the context of six broad functional areas, called "domains of functioning." *See* 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment or combination of impairments is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d).

**III. Procedural History**

On July 31, 2012, Plaintiff protectively filed an application for childhood SSI benefits on behalf of Claimant, her minor son, alleging disability due to a learning disorder. Administrative Transcript ("T.") 108-13. Plaintiff's application was initially denied, and she timely requested a hearing before an administrative law judge ("ALJ"). T. 74-76, 92-94. ALJ Donald McDougall held a hearing on January 10, 2014, at which Plaintiff and Claimant both testified. T. 35-53. On February 25, 2014, the ALJ issued a decision in which he determined that Claimant was not disabled as defined in the Act. T. 7-26. Plaintiff's request for Appeals Council review was denied on May 12, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff subsequently filed this action.

**IV. The ALJ's Decision**

In considering plaintiff's claim, the ALJ applied the three-step sequential evaluation for evaluating child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determined that Claimant had not engaged in substantial gainful activity since July 31, 2012, the date of the application. T. 13. At step two, the ALJ found that Claimant suffered from the severe impairment of a learning disability. *Id.* At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or functionally equaled the severity of a listed impairment. *Id.* Specifically, the ALJ determined that Claimant

3

had a less than marked limitation in the domains of Acquiring and Using Information and Attending and Completing Tasks and no limitations in the domains of Interacting and Relating with Others, Moving About and Manipulating Objects, Caring for Yourself, and Health and Physical Well-Being. T. 17-22. The ALJ therefore concluded that Claimant was not disabled within the meaning of the Act. T. 23.

## V. Discussion

### A. Scope of Review

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

4

In this case, Plaintiff contends that this matter should be remanded for further proceedings because (1) the ALJ failed to properly develop the record, (2) the ALJ's finding that Claimant had a less than marked limitation in the functional domains of Acquiring and Using Information and Attending and Completing Tasks was not supported by substantial evidence, and (3) the ALJ failed to properly evaluate the credibility of both Plaintiff and Claimant. For the reasons discussed below, the Court finds that remand of this matter is appropriate.

**B.  Failure to Develop the Record**

Plaintiff's first argument is that the ALJ failed to fulfill his affirmative obligation to develop the record in this matter. In particular, Plaintiff contends that although the ALJ was on notice that Claimant had repeated the fourth and fifth grades and was receiving special education services, and although the sole educational record in the administrative record was an individualized education program ("IEP") from June 2010, the ALJ made no effort to obtain Claimant's other educational records. The Court agrees with Plaintiff that this was error.

"It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not discharged." *Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) (internal quotations omitted). In the case of applications for child's SSI benefits, the Commissioner's regulations "expressly provide that, if the

claimant is in school or preschool, the Administration "'will ask your teacher(s) about your performance in your activities throughout your school day. We will consider all the evidence we receive from your school, including teacher questionnaires, teacher checklists, group achievement testing, and report cards.'" *Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 434 (E.D.N.Y. 2014) (quoting 20 C.F.R. § 416.924a(b)(7)(ii)); *see also Abrams v. Comm'r of Soc. Sec.*, No. 13-CV-5568 (KAM), 2016 WL 614683, at *9 (E.D.N.Y. Feb. 16, 2016) ("In a case involving a school-age child, an ALJ's obligation to develop the administrative record includes an obligation to obtain information about how the claimant is functioning in school and any related educational reports.") (further noting that 20 C.F.R. § 416.924a(a)(2)(iii) provides that "If you go to school, we will ask for . . . any reports that the school may have that show the results of formal testing or that describe any special education instruction or services, including home-based instruction, or any accommodations provided in a regular classroom."). Failure to properly develop a school-age claimant's educational record warrants remand. *See Price*, 42 F. Supp. 3d at 434 (remanding in part because "[t]he ALJ a. . . failed to develop the record with respect to [the school-age claimant's] education"; *Abrams*, 2016 WL 614683 at *10 ("the court finds that the ALJ has failed to adequately develop [the school-age claimant's] educational record, and therefore the ALJ's decision is not supported by substantial evidence").

6

In this case, the administrative record does not contain any of Claimant's school transcripts, nor does it contain an IEP for the 2011-2012 school year (or any school year beside 2010-2011). Claimant repeated both the fourth and fifth grades, yet the ALJ apparently did not seek out, nor does the administrative record contain, any further information related to those school years. Indeed, the ALJ acknowledged during the hearing that the latest records he had were "a year or two old." T. 43.

The Commissioner makes much of the fact that Plaintiff's counsel did not indicate at the hearing that additional records were needed. However, "'[w]here, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel.' Instead, the failure to request these records is enough to constitute remand." *Rodriguez v. Colvin*, No. 14-CV-214S, 2015 WL 5037014, at *4 (W.D.N.Y. Aug. 25, 2015) (quoting *Hilsdorf v. Comm'r of Social Sec.*, 724 F.Supp.2d 330, 346 (E.D.N.Y. 2010)). Here, where it was clear that there were significant educational records missing, the ALJ's duty to develop the record was not satisfied merely by asking Plaintiff's counsel about additional records.

The ALJ's error also plainly was not harmless. Indeed, significant portions of the ALJ's analysis, including his assessment of Plaintiff's and Claimant's credibility, relied on the absence of educational records. *See, e.g.,* T. 15 ("there is no

7

evidence that . . . claimant was issued a new IEP); T. 16 ("there is no evidence that the claimant has underwent [sic] any standardized testing after his application date). These conclusions might well have been changed had the ALJ properly sought out Claimant's educational records.

For the foregoing reasons, the Court concludes that the ALJ failed to properly develop the administrative record and that the error was not harmless. Accordingly, remand of this matter for further proceedings is required.

    **C.    Failure to Apply Proper Standard**

Plaintiff also argues that the ALJ's assessment of Claimant's limitations in the functional domains of Acquiring and Using Information and Attending and Completing Tasks was not supported by substantial evidence, because the ALJ failed to apply the proper standard. Again, the Court agrees.

In deciding an application for child's SSI benefits, the ALJ is expressly required, for each functional domain, to "compare how appropriately, effectively, and independently the child performs activities compared to the performance of other children of the same age who do not have impairments." *Gallo v. Colvin*, No. 15CV9302ATBCM, 2016 WL 7744444, at *7 (S.D.N.Y. Dec. 23, 2016) (citing 20 C.F.R. §§ 416.926a(g)(2)(iii), (iv)). The ALJ did not do so in this case.

Turning first to the ALJ's assessment of Claimant's limitations in the domain of Acquiring and Using Information, his

analysis was plainly inadequate. The ALJ made no effort to compare Claimant's capabilities to those of similarly-aged peers. Indeed, the ALJ made only passing reference to significant facts such as Claimant's need for one-on-one classes, his need to read books multiple times in order to comprehend them, and his need for his teachers to "break . . . down" information into a format he could understand. T. 18. The ALJ did not discuss at all how those needs compared to a child of the same age without impairments. Moreover, the ALJ essentially ignored the fact that Plaintiff's sixth grade teacher, Jamie D. Beld, had opined that Claimant had a "serious problem" with reading and comprehending writtten material, comprehending and doing math problems, expressing ideas in written form, learning new material recalling and applying previously learned material, and applying problem-solving skills in class discussions. Although the ALJ purported to afford Ms. Beld's opinion "significant weight" (T. 17), his discussion of Claimant's ability to acquire and use information merely notes that Ms. Beld did not rate Claimant's problems in the areas listed above as "very serious." "[T]he ALJ erroneously failed to explain how [Ms. Beld's] finding of 'serious' . . . limitations within . . . [this] domain[] supports the ALJ's finding that Claimant has 'less than marked' limitations in the[] same domain[]. Indeed, such a conclusion is possible only by ALJ's selective application of those parts of [Ms. Beld's] opinion that support [his] conclusion of

9

non-disability." *Ebelink v. Colvin,* No. 6:14-CV-06726(MAT), 2015 WL 9581787, at *6 (W.D.N.Y. Dec. 30, 2015).

Similarly, the ALJ's discussion of Claimant's ability to attend and complete tasks contains no comparison whatsoever between Claimant's capabilities and the capabilities of a same-age peer without impairments. Ms. Beld opined that Claimant had a very serious problem organizing his own things or school materials, that he a serious problem working at a reasonable pace of finishing in time, and an obvious problem focusing long enough to finish an assigned activity or task. In the absence of any analysis by the ALJ regarding how these problems compare with an unimpaired child of the same age, the Court simply cannot concluded that the ALJ's determination is supported by substantial evidence.

On remand, after having properly developed the record, the ALJ is instructed to reconsider Claimant's limitations in each of the functional domains. In doing so, the ALJ shall expressly consider, in accordance with the applicable regulations, how Claimant's performance compares with children of the same age who do not have impairments.

### D. Improper Credibility Assessment

Plaintiff's finally argument is that the ALJ improperly assessed both her credibility and Claimant's credibility. As the Court discussed above, the ALJ's assessment of credibility rested in significant part on the absence of educational records. As

such, on remand, the ALJ is instructed to reconsider the credibility assessment in light of a fully developed record.

**VI. Conclusion**

For the foregoing reasons, Defendant's motion for judgment on the pleadings is denied (Docket No. 10), and Plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to the extent that the matter is remanded for further administrative proceedings. In light of the fact that Plaintiff's application was first filed in 2012 (nearly six years ago), on remand, the Commissioner is instructed to consider her claim on an expedited basis, to be completed no later than October 31, 2018. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: February 28, 2018
Rochester, New York.